IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK JEFFERSON,

    Petitioner,

    v.

WARDEN, Chillicothe
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:14-CV-736
JUDGE JAMES L. GRAHAM
MAGISTRATE JUDGE KEMP

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

Mark Jefferson, the petitioner in this habeas corpus action, is a prisoner at the Chillicothe Correctional Institution located in Chillicothe, Ohio.  He is serving an aggregate eighteen-year sentence which was imposed by the Court of Common Pleas of Franklin County, Ohio, following his guilty plea to two counts of rape and one count of gross sexual imposition.  *Return of Writ*, Doc. 5, Ex. 3.  He now seeks a writ of habeas corpus from this Court.  For the following reasons, based on a review of the Petition, the Return of Writ, the exhibits attached to the Return, and the applicable law, it will be recommended that the Petition be **DENIED** and that this case be **DISMISSED**.

### I.  PROCEDURAL HISTORY

On August 11, 2011, Petitioner was indicted and charged with two counts of rape and one count of gross sexual imposition.  The two rape counts involved a minor victim

under the age of 13. The indictment did not specify exactly which subsection of the rape statute, Ohio Revised Code (RC) §2907.02, Petitioner allegedly violated, but a violation of §2907(A)(1)(b), which applies to a victim who is less than thirteen years of age, carries a mandatory life term.

After initially pleading not guilty, Petitioner changed his plea and entered a guilty plea to all three counts of the indictment. He did so pursuant to a plea agreement which allowed him to plead guilty to two counts of rape under R.C. §2907.02(A)(2), which carries a lesser sentence. Petitioner and the prosecutor also agreed to definite consecutive eight-year sentences for the two rape counts, plus a two-year consecutive sentence for gross sexual imposition. *Return*, Ex. 2. The trial court imposed that sentence.

Petitioner did not initially appeal, but he sought and was granted leave to file a delayed appeal. In his *pro se* brief (the Franklin County Public Defender was appointed to represent Petitioner on appeal, but Petitioner elected to proceed without counsel), he presented four assignments of error:

ASSIGNMENT OF ERROR I

Whether the trial court abused its discretion by sentencing Appellant to consecutive sentences.

ASSIGNMENT OF ERROR II

Whether the trial court abused its discretion in failing to impose proportional sentencing.

ASSIGNMENT OF ERROR III

>Whether the trial court abused its discretion by applying an improper statute.
>
>ASSIGNMENT OF ERROR IV
>
>Whether Appellant was denied effective assistance of counsel.

In a decision filed on February 6, 2014, the Tenth District Court of Appeals overruled all four assignments of error and affirmed the conviction and sentence. *State v. Jefferson*, 2014 WL 504751 (Franklin Co. App. Feb. 6, 2014) .

Petitioner asked the Ohio Supreme Court to review the court of appeals' decision. In his memorandum in support of jurisdiction, he identified only a single proposition of law, which reads as follows: "Whether the courts abused their discretion in imposing a sentence that does not conform with the legislature or constitution." *Return*, Ex. 18. However, he argued two "branches" of this proposition of law. The first, titled "Statutory Requirements," focused on the statutory requirement that certain findings be made under R.C. §2929.14(C)(1) before consecutive sentences may be imposed for multiple offenses, but it also mentioned the Equal Protection clause as well as Article I, section 2 of the Ohio Constitution. The second branch of his argument was "Allied Offenses/Double Jeopardy." There, Petitioner claimed that the sentence violated the Double Jeopardy clause as well as the Ohio General Assembly's intent not to allow multiple punishment for two or more offenses resulting from the same conduct. The Ohio Supreme Court declined to take the case. *State v. Jefferson*, 139 Ohio St.3d 1406 (May 28, 2014).

Petitioner timely filed this petition for a writ of habeas corpus under 28 U.S.C. §2254. Doc. 1. The three issues he raises, and the facts supporting them, are, in his words:

> **GROUND ONE**: Equal Protection Due Process.
>
> **Supporting facts**: A plethora of case law in Ohio supports the fact that consistency, proportionality, nor reasonableness was considered nor applied, in contravention of the Equal Protection afforded.
>
> **GROUND TWO**: Wrong Statute Pled To.
>
> **Supporting facts**: Contrary to the General Assembly via the statutory language, by and through counsel, Petitioner pled to two counts of rape that did not occur as evidenced by the medical exams of both victims. This factual basis is contrary to law nor authorized by law. Actual innocence of the "charges" of rape.
>
> **GROUND THREE**: Ineffective Assistance of Counsel.
>
> **Supporting facts**: Ignoring clearly established law and statutory language, counsel coerced Petitioner into accepting a plea that not only had no factual basis, but a sentence that exceeded a vast majority of Ohio cases. Counsel's reliance on Petitioners severe mental emotional duress was utilized for an unjust result.

Respondent argues that, through his guilty plea, Petitioner waived "any claims as to the plea itself or the assistance of counsel before or during the plea." *Return*, at 8. Respondent also asserts that all claims other than the one presented to the Ohio Supreme Court have been procedurally defaulted, and that the single claim he did present to the Ohio Supreme Court - ground one of his petition - rests entirely on state law and is not cognizable in federal habeas corpus. Petitioner has not filed a traverse in response.

## II. DISCUSSION

Cases filed under 28 U.S.C. §2254 are reviewed under a deferential standard. When the claims presented in a habeas corpus petition have been presented to and decided by the state courts, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In applying this statute, the Supreme Court has held that "[t]he focus ... is on whether the state court's application of clearly established federal law is objectively unreasonable ... an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). To obtain habeas corpus relief, a petitioner must show the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. ----, ----, 131 S.Ct. 770, 786–87 (2011).

This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington*, 131 S .Ct. at 786, *quoting Jackson v. Virginia*, 443 U.S. 307, 332, n. 5,(1979) (Stevens, J., concurring in judgment). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.*, *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

Before looking at the merits of the claims which Petitioner presents here, the Court must first decide if the claims were properly presented to the state courts. Under 28 U.S.C. §2254, the habeas corpus statute which applies to prisoners in state custody, a federal court may grant relief only if the prisoner is being held in violation of the Constitution or law of the United States—that is, that the prisoner's conviction or sentence was unlawful under federal law. In order for a federal court to decide any such claims on their merits, "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). That is so because §2254(b) states that an application for a writ of habeas corpus filed by someone in petitioner's position "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State ...."

A doctrine related to the exhaustion doctrine is known as "procedural default." "Procedural default" describes the situation where a person convicted of a crime in a state court not only fails (for whatever reason) to present a particular claim to the

highest court of the State so that the State has a fair chance to correct its own errors, but no longer has any opportunity to do so - usually because the time for filing an appeal or other attack on a state conviction or sentence has come and gone. When that occurs, a habeas petitioner may obtain review of the merits of his federal claims only if he can show some "cause" for his failure to follow the state court rules relating to raising that claim, and "prejudice" from not having obtained state court review. *See Wainwright v. Sykes*, 433 U.S. 72 (1977).

Here, Respondent is correct that the only claim which Petitioner has not procedurally defaulted is the claim he presented to the Ohio Supreme Court.  Although Petitioner presented other claims to the Tenth District Court of Appeals, in order to satisfy the exhaustion requirement - and to avoid a procedural default - a petitioner must present any claims he wants to raise in federal habeas corpus to the *highest* court of the state.  "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claim." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  When a claim which can be raised on direct appeal - like all of the claims which Petitioner presented to the Tenth District Court of Appeals, and the claims he raises here (with one possible exception, discussed below) - is not presented to the Ohio Supreme Court, under Ohio law, that claim cannot be raised in any other proceeding without being barred by the doctrine of *res judicata*, and it is therefore procedurally defaulted.  *See generally Bonilla v. Hurley*, 370 F.3d 494 (6th Cir. 2004).

There is an exception for claims of ineffective assistance of counsel which rely on evidence outside the record. Those claims can be raised in Ohio by way of a post-conviction proceeding filed under R.C. §2953.21. *See State v. Cole*, 2 Ohio St.3d 112 (1982). However, there is a time limit for raising such claims: 180 days after the date on which the trial transcript is filed in the court of appeals as part of the direct appeal. R.C. 2953.21(c)(2). Here, according to the online records of the Tenth District Court of Appeals, the transcript of the proceedings in the trial court was filed on October 3, 2012. The time has long passed for Petitioner to file a timely post-conviction proceeding, so any ineffective assistance of counsel claim which relies on evidence outside the record - as his third ground for relief appears to do - is also procedurally defaulted. *See Ricks v. Warden, Lebanon Correctional Inst.*, 2011 WL 4482076 (S.D. Ohio Aug. 25, 2011), *adopted and affirmed* 2011 WL 4481424 (S.D. Ohio Sept. 27, 2011).

These principles do not completely resolve the issue of exactly what claim, if any, is properly before this Court. The only claim which Petitioner may properly assert here is the claim he raised in the Ohio Supreme Court. Respondent argues that this is, essentially, Petitioner's first ground for relief. Assuming that to be true, the issue raised in the Return is whether the claim which Petitioner presented to the Ohio Supreme Court was based only on state law. If it was, Respondent is correct that this Court may not consider it, because "federal habeas corpus relief does not lie for errors of state law...." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). But that argument appears to overlook the fact that, in his Supreme Court brief, Petitioner cited to the "constitution" in his proposition of law, and then argued both equal protection and double jeopardy issues.

-8-

Those claims were fairly presented to the Ohio Supreme Court. It is questionable whether the same claims were argued to the Tenth District Court of Appeals - the only federal constitutional principle explicitly mentioned in Petitioner's appellate brief appears to be the due process clause, *see Return*, Ex. 8, at 3 - but Petitioner also argued proportionality, which is an equal protection concept. Although the Ohio Supreme Court does not ordinarily review issues not presented to the state courts of appeals, Respondent has not argued that any potential federal constitutional claims subsumed in his first ground for relief were waived due to the way in which Petitioner presented them to the state courts. Consequently, the Court will examine the merits of those claims, keeping in mind that "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning" and that "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S.Ct. at 784.

Perhaps understandably, given the very vague way in which Petitioner made his arguments, these constitutional claims were not discussed by the Tenth District Court of Appeals. Rather, it determined that any claims relating to the sentencing procedure - and Petitioner's primary claim there, and here, appears to be that the trial court violated its statutory duty to make certain findings before imposing consecutive sentences for multiple offenses - were waived when Petitioner agreed to the sentence as part of the plea bargain. It is not clear that the state court held that this waiver extends to federal constitutional claims; that court relied on *State v. Porterfield*, 106 Ohio St.3d 5, syllabus

¶3, (2005), which held that "[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence."  So the question then becomes whether it was unreasonable for the state courts not to grant Petitioner relief from the sentences imposed based on due process, equal protection, or double jeopardy principles.  This Court concludes that it was not unreasonable to do so.

The due process question in this case is not whether the state trial judge violated state law - and the *Porterfield* decision strongly suggests that he did not - but whether the state trial judge's application of Ohio law "rendered [the] entire [process] fundamentally unfair ...."  *See Bey v. Bagley*, 500 f.3d 514 (6th Cir. 2007).

The Court is aware of no United States Supreme Court case holding that when a state court judge foregoes making findings required by a statute like R.C. 2929.14(C)(4) due to an agreement between the defendant and the prosecution that certain consecutive sentences should be imposed, it creates a fundamentally unfair proceeding.  Both state and federal courts have the power to impose consecutive sentences for multiple offenses.  The Supreme Court has called the practice of giving trial judges "unfettered discretion [to decide] whether sentences for discrete offenses shall be served consecutively or concurrently" a "common-law tradition...."  *Oregon v. Ice*, 555 U.S. 160, 163 (2009).  Doing so does not violate any clearly established federal law construing the Due Process Clause, nor does it make the state court proceedings fundamentally unfair.  The current record simply does not support a due process claim, nor has Petitioner met his burden of demonstrating that no reasonable jurist would have rejected his due process claim.

.

Petitioner also makes reference to the Double Jeopardy clause of the United States Constitution. The Double Jeopardy clause, as it is applied by the federal courts to state sentencing, is implicated only if multiple sentences are imposed for the same offense "in excess of that authorized by the legislature," *White v. Howes*, 586 F.3d 1025, 1032 (6th Cir. 2009), and then only if the offenses on which multiple sentences are imposed are for identical offenses - that is, offenses which do not each "require proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299 (1932). There is nothing here to suggest that the offenses for which Petitioner received multiple, consecutive sentences are actually a single offense. The indictment identifies them as having occurred on two different dates more than a month apart. Given that these are different offenses, the Double Jeopardy clause simply does not apply.

Finally, Petitioner mentions the Equal Protection clause. Although he does not make a specific argument under that constitutional provision, it would appear that he believes that he received a longer sentence than most people convicted of rape in Ohio, supposedly because the trial court did not make the statutory findings required by R.C. §2914. However, it does not appear that he presented any evidence to support that claim to the state courts, and he has not done so here. Without any proof that Petitioner was singled out for a longer sentence due to some impermissible factor - or even that he received a disproportionately longer sentence than other similarly-situated defendants charged with rape of a child under the age of thirteen - no court could have been expected to grant relief on this basis. First, "[t]he Constitution permits qualitative

-11-

differences in meting out punishment and there is no requirement that two persons convicted of the same offense receive identical sentences." *Williams v. Illinois*, 399 U.S. 235, 243 (1970). And second, as this Court said in *Oldham ex rel. Young v. Cincinnati Public Schools*, 118 F.Supp.2d 867, 871 (S.D. Ohio 2000), "the threshold element of an equal protection claim is disparate treatment," but there is no evidence of disparate treatment in this record. Thus, there is no merit to Petitioner's equal protection claim. Consequently, the Ohio courts did not act unreasonably or contrary to clearly established federal law by denying Petitioner relief on any of his federal constitutional claims, and he is not entitled to habeas corpus relief in this Court.

### III.  RECOMMENDATION

For all of the reasons set forth above, it is recommended the petition for a writ of habeas corpus be **DENIED** and that this action be **DISMISSED**.

### IV.  PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or

-13-

recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de</u> <u>novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                  <u>/s/ Terence P. Kemp</u>
                                                  United States Magistrate Judge